**IT IS ORDERED as set forth below:**

Date: April 16, 2021



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBER: |
| | : | |
| **IFS SECURITIES, INC.** | : | **20-65841-LRC** |
| | : | |
| Debtor. | : | CHAPTER 11 |
| _____ | : | |
| **MARSHALL GLADE,** | : | |
| | : | |
| as liquidating Trustee of the | : | |
| IFS Liquidating Trust, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: |
| | : | |
| v. | : | **20-06190-LRC** |
| | : | |
| **NATIONAL UNION FIRE** | : | |
| **INSURANCE COMPANY OF** | : | |
| **PITTSBURGH, PA.,** | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER SETTING ASIDE ENTRY OF DEFAULT

Before the Court are a *Cross Motion to Set Aside the Clerk's Entry of Default* (Doc. 20) (the "Cross Motion"), filed by National Union Fire Insurance Company of Pittsburgh

1

("Defendant"), and a *Motion for Entry of Default Judgment by the Clerk* (Doc. 10) (the "Motion), filed by Marshall Glade as Liquidating Trustee of the IFS Liquidating Trust. The Motion and Cross Motion arise in connection with a complaint (Doc. 1) (the "Complaint") to recover damages for an alleged breach of contract involving a fidelity bond purchased from Defendant.

I.    Background

On April 24, 2020, IFS Securities, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (Bankr. Case No. 20-65841-LRC, Doc. 1, the "Bankruptcy Case"). The plan was confirmed on September 22, 2020, and Marshall Glade was appointed the Liquidating Trustee ("Plaintiff"). (Doc. 10). On October 14, 2020, Plaintiff filed the Complaint. On October 19, 2020, Plaintiff served a copy of the Summons and Complaint on Defendant by U.S. Postal mail. (Doc. 6). Defendant failed to respond to the Complaint. Thereafter, Plaintiff filed an *Amended Declaration and Request for Entry of Default* (the "Request") (Doc. 9) requesting that the Clerk enter default against Defendant. The Clerk entered default on November 23, 2020. The same day, Plaintiff filed the Motion and served it on Defendant. (Doc. 10). Defendant responded to the Motion on December 7, 2020, with its Cross Motion, which included an answer and affirmative defenses. (Doc. 20). Defendant now seeks to set aside the entry of default. Plaintiff seeks an entry of default judgment.

According to the Complaint, until February 2020, Debtor was a securities broker-dealer operating under the name "IFS Securities Inc." ¶ 3. On or about March 1, 2019, Debtor purchased an insurance policy ("Bond") from Defendant. *Id.* ¶ 10. The Bond was specifically tailored to the needs of securities brokers. *Id*. On or about October 4, 2019, Debtor filed a claim with Defendant against the Bond, asserting that a rogue employee had caused Debtor losses totaling $5,652,303.85. *Id.* ¶ 11. On August 10, 2020, Defendant, through its claims agent AIG Claims, Inc., denied

2

Debtor's indemnity claim in total. *Id.* ¶ 12. In response to this denial, Plaintiff filed his Complaint alleging breach of contract and duly served Defendant on October 19, 2020. (Doc. 1).

Defendant neither contests service nor offers an elaborate excuse for its failure to respond in a timely fashion. Instead, Defendant provides the sworn statement of Benjamin Bogard, a senior paralegal for Defendant's parent company, to explain that Defendant did not respond to the Complaint in a timely fashion due to a clerical mistake. According to Defendant's Declaration of Benjamin Bogard ("Bogard Declaration") (Doc. 22), "due to clerical error… the Summons and Complaint was not directed to the appropriate department." ¶ 7. As a result, the group in charge of handling this matter on behalf of Defendant was not notified of the lawsuit in time to respond before the Clerk entered default. *Id*.

On January 11, 2021, Plaintiff requested that this Court hear oral arguments to settle the Motion and the Cross Motion as well as to settle the "fundamental disagreement concerning the standards of rules governing the Court's decision on the two pending motions." (Doc. 31 at 2). The Court granted Plaintiff's request on February 18, 2021 and heard oral arguments on both motions telephonically on March 30, 2021. (Doc. 34).

II.     Setting Aside an Entry of Default

The grounds for setting aside a default are set forth in the Federal Rules of Civil Procedure, which specifically provide that "the court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV P. 55(c) (made applicable to this adversary proceeding by FED. R. BANK. P. 7055). The Court notes that this rule sets out two different standards to apply in two separate situations. The "good cause" standard applies to a request to set aside a default entered by the clerk of court, while the Rule 60(b) standard applies to

3

motions to set aside an actual judgment of default entered by a court. As such, the Rule 60(b) "excusable neglect" standard cannot supplant the "good cause" one of Rule 55(c). The distinction is important since the "good cause" standard is less stringent than the one found in Rule 60(b). *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (additional citations omitted).

As Defendant's Cross Motion seeks only to set aside a default, as opposed to a default judgment, the Court will apply the less stringent "good cause" standard to decide whether to grant this request. The "good cause" standard is a liberal one, and the court has the discretion to set aside an entry of default. *Compania Intermericana Export-Import; S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *see also In re Dowd,* 2018 WL 1513544, at *1 (Bankr. N.D. Ga. Mar. 27, 2018). The Court must remain mindful of the strong policy favoring the determination of the case on its merits. *Fla. Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1984). Additionally, the Court should consider the following four factors to determine whether "good cause" exists to set aside an entry of default: "(1) whether the defaulting party has acted promptly to vacate the default; (2) whether the defaulting party has presented a plausible excuse explaining the reasons for the default; (3) whether the defaulting party asserts a meritorious defense; and (4) whether the nondefaulting party will be prejudiced by setting aside the default." *In re Rogers*, 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993) (citations omitted).

III. <u>Discussion</u>

The Court will address the "good cause" factors in turn. First, the Court will consider whether Defendant has acted promptly in moving to vacate this entry of default. "In view of the less stringent standard to be used in cases requesting the removal of default, the Court finds that the passing of less than one month from the time of entry of default to the time of the filing of the

Motion is not *per se* unreasonable." *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 1001 (N.D. Ga. 1983), *aff'd*, 742 F.2d 1465 (11th Cir. 1984) (additional citations omitted) (finding that a delay of three weeks in filing motion to set aside an entry of default was reasonable). In the instant case, Plaintiff requested the entry of default one week after Defendant's answer was due. (Doc. 10). Defendant then filed the Cross Motion containing its proposed answer just fourteen days after the Clerk entered the default.[1] Therefore, the Court finds that Defendant acted promptly.

Second, the Court will consider whether the defaulting party has presented a plausible excuse explaining the reasons for default. While courts must consider possible culpable conduct of the party in default, the "good cause" burden does not require a look-behind. *See Southwest Ga. Farm Credit, ACA v. Justice (In re Justice)*, 330 B.R. 872, 874 (M.D. Ga. 2005). Indeed, a court should assume, without deciding, that a defendant meets its burden where a defendant's excuse is clerical error so long as the error occurred in the absence of evidence suggesting culpable conduct. *Id.* This assumption stems from the public policy concerns against default. *Id.*

Defendant claims that its plausible excuse is mere clerical error. To streamline legal correspondence, Defendant's parent company (AIG) uses a centralized system to receive legal documents. Bogard Declaration, ¶ 3. AIG General Insurance Litigation Department's senior paralegal Benjamin Bogard attests that Defendant's central receiving agent did not route the Summons and Complaint to the correct department. *Id.* at ¶ 7. After logging into the centralized system on November 30, 2020, Bogard saw that Plaintiff's Entry of Default had been uploaded, and this prompted him and his team to investigate what was missed. *Id.* at ¶ 8. While the Bogard Declaration does not explain the details of what went wrong specifically, the assertion that a

---

[1] Notably, the Thanksgiving holiday fell within this two-week period.

5

mistake was made – and quickly remedied – is enough for the Court to find that Defendant has a plausible excuse for not filing a timely response.

Plaintiff argues that Defendant's explanation for the untimely response does not meet the "excusable neglect" standard, making much of the fact that Defendant does not explain – in detail – where the Summons and Complaint went and why this Court should treat such mistake as "excusable" under the Rule 60(b) standard. In its Response to Defendant's Cross Motion (Doc. 28), Plaintiff states at footnote 13 that it uses "excusable neglect" and "good cause" interchangeably "[a]s do many cases." However, as noted previously, this is not accurate. Regarding the "plausible excuse" factor of the "good cause" standard, this Court may assume, in the absence of evidence of culpability, that a Defendant meets its burden where it proffers clerical error. *In re Justice*, 330 B.R. at 874. Even still, delay that results from a failure in communication between intraparty legal entities may justify relief under even the higher standard of "excusable neglect." *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996).

The third factor for the Court to consider is whether Defendant has asserted a meritorious defense to the lawsuit itself. The establishment of a meritorious defense requires more than "general denials and conclusive statements" and instead requires the movant "present a factual basis for its claim." *Turner Broadcasting*, 33 B.R. at 1002. "While a mere denial may suffice in an answer, the defendant must go beyond a mere denial and present more evidence at this stage of the proceeding to justify setting aside the default." *Id*. In determining whether Defendant has asserted a meritorious defense, the Court need not decide that Defendant's "defense will succeed, but rather simply whether it is a reasonable basis to defend which could be pursued in litigation." *Lawrence v. Am. IRA, LLC,* 2013 WL 12062264, at *2 (N.D. Ga. Nov. 12, 2013).

6

In the instant case, Defendant submitted its proposed answer with its Cross Motion. In its answer, Defendant raises multiple defenses.[2] In its Memorandum of Law in Support of Its Cross Motion ("Defendant's Memo") (Doc. 30) and at oral argument, Defendant outlined the dispute Defendant and Plaintiff have over the extent of the Bond's coverage and facts surrounding the authority of Plaintiff's former employee. A defense as to standing or to a factual dispute alone could suffice as a meritorious defense for purposes of this factor. Therefore, the Court finds that Defendant has met its burden in providing a meritorious defense.

Finally, the Court must consider whether Plaintiff, as the nondefaulting party, would be prejudiced if the entry of default were set aside. "As a general proposition, a mere delay in the ultimate resolution of the issues on the merits does *not* constitute prejudice to a plaintiff." *In re Rogers*, 160 B.R. at 255 (emphasis in the original) (citing *Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)); *see also Washington v. Washington*, 2015 WL 9918155, at *7 (N.D. Fla. Nov. 24, 2015), report and recommendation adopted, 2016 WL 335870 (N.D. Fla. Jan. 26, 2016) ("While Plaintiff is correct that she would be denied a 'quick resolution to the case' if the default is set aside that argument begs the question of whether there would be prejudice. If that were the benchmark for determining whether there is prejudice in setting aside a default, every plaintiff—without exception—who was the beneficiary of a default would suffer prejudice if the default were set aside and the case proceeded on the merits."). "[W]here it is clear that no meritorious defense exists, the delay in vindicating the plaintiff's rights… [and] the expense a plaintiff incurs in

---

[2] Among its defenses, Defendant argues Plaintiff fails to plead with particularity, to state a claim on which relief can be granted, to meet his burden of proof, and to have preserved his cause of action. (Doc. 20). Additionally, Defendant argues that the cause of action is barred by laches, *res judicata*, the incorporation of the Bond, and Plaintiff's failure to satisfy the Bond's conditions precedent or subsequent. *Id*. Defendant also argues that Plaintiff fails to establish damages and to qualify as an insured party. *Id*.

7

prosecuting a suit in in which the defendant has defaulted and presented no meritorious defense, unduly prejudices the plaintiff." *Id*. (quoting *Turner Broadcasting*, 33 B.R. at 1003).

The parties in the instant case find themselves in the same – albeit delayed – position that they would have been in had Defendant filed a timely response. The delay is minor. Defendant filed its answer just 49 days after Plaintiff served Defendant with the Complaint. The Court does not find this delay unreasonable. Further, as noted above, Defendant offers meritorious defenses where it offers evidence that factual disputes between the parties existed prior to the entry of default. Therefore, Plaintiff would not be put to the unnecessary expense of prosecuting a claim on which Defendant could not prevail. The only apparent injury suffered by Plaintiff to this point has been a short delay in receiving a response to its Complaint. The Court does not find that this delay would be prejudicial or result in an extraordinary amount of additional expense.

The Court finds that the "good cause" factors applicable to the determination of whether to set aside an entry of default weigh in favor of Defendant. Further, keeping in mind the strong policy consideration favoring adjudication of cases on the merits, the Court concludes that Defendant's motion to set aside the entry of default should be granted.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has satisfied the "good cause" standard of Rule 55(c) required to set aside an entry of default. Accordingly,

IT IS ORDERED that Defendant's Cross Motion to Set Aside Default is **GRANTED;**

IT IS FURTHER ORDERED that because Defendant is no longer in default, Plaintiff's Motion to Enter Default Judgment is **DENIED** as **MOOT**.

**END OF DOCUMENT**

**Distribution List**

**Marshall Glade**
c/o Caryn Wang
Polsinelli PC
1201 W. Peachtree St NW, #1100
Atlanta, GA 30309

**Richard E. Brodsky**
The Brodsky Law Firm
1600 Ponce de Leon Boulevard
Suite 1057
Coral Gables, FL 33134

**Caryn E. Wang**
Polsinelli PC
Suite 1100
1201 West Peachtree Street NW
Atlanta, GA 30309

**Christopher K. Coleman**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

**Alexander S. Lorenzo**
Alston & Bird LLP
90 Park Avenue
15th Floor
New York, NY 10016

**David A. Wender**
Alston & Bird LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424